IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MS. LAVONDA TERRY** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) Case No: |
| | ) |
| **BIRMINGHAM-JEFFERSON** | ) |
| **COUNTY TRANSIT AUTHORITY** | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendant.** | ) |
| | ) |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Ms. Lavonda Terry ("Ms. Terry" or "Plaintiff"), by and through her counsel of record, and for her Complaint against the Birmingham-Jefferson County Transit Authority ("BJCTA" or "Defendant") states the following:

## STATEMENT OF THE CASE

1. This is a lawsuit brought by the Plaintiff, Ms. LaVonda Terry, who has suffered retaliation when she was terminated one month after return from approved leave under the Family and Medical Leave Act ("FMLA") in violation of 29 U.S.C. § 2615, 29 C.F.R. 825.220.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the causes of action asserted herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 2617.

3. Defendant is located within this judicial district and its principal business management and operations are in Birmingham, Alabama. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is a 48-year-old female resident of the State of Alabama and resides in Roebuck, Alabama. At all times material herein, Plaintiff was employed by BJCTA and subject to a Collecting Bargaining Agreement between Defendant and the Union until she was terminated from her Bus Operator job one month after her return from family and medical leave ("fml") for her own serious health condition.

5. Defendant is a public transit authority that is headquartered in Birmingham, Alabama. Defendant is an employer as defined by the FMLA in that it employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or proceeding calendar year. 29 C.F.R. § 825.104 As such, Defendant meets the jurisdictional requirements of 29 U.S.C. § 2617.

## STATEMENT OF BACKGROUND FACTS

6. Plaintiff was hired by Defendant as a Bus Operator in October 2007.

7. She has not had any major discipline problems in the thirteen years she employment with Defendant.

8. In late July 2020, Plaintiff found out she had a mass that needed to be removed.

9. Ms. Terry requested Family and medical leave for her own surgery, hospitalization and recuperation from August 12, 2020 – September 26, 2020 and the request was approved.

10. Ms. Terry returned to work at BJCTA as a Bus Operator on September 26, 2020.

**COUNT I – RETALIATION ON VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

11. On October 26, 2020, one month to the day from her return from fml on September 26, 2020, Plaintiff was told by her supervisor Allen Purdue that she had to meet with management. She was not told the reason for the meeting.

12. Present at the meeting where Mr. Justin Ridgway, HR, Mr. Allen Perdue, Manager, Mr. Greg Roddy, Union President, Plaintiff, and Sandra Smith Supervisor VIP.  Some of these persons knew she had taken Family and Medical leave less than five weeks prior.

13. Ms. Terry was given a termination letter which stated, in part, "As you are aware, Section 3.3.1 of BJCTA's Policies and Procedures Manual for

3

Administrative Employees authorizes the Authority to 'terminate the employment relationship at any time, with or without cause, and with or without prior notice.' Therefore, pursuant to Section 3.3.1. the BJCTA hereby exercises its right to terminate your employment with the Birmingham Jefferson County Transit Authority (BJCTA) effective immediately, October 26, 2020." The letter was signed by Mr. Frank T. Martin, the CEO of BJCTA.

14. There are numerous problems with this termination letter. First, Ms. Terry is not an administrative employee but an hourly union employee, which is the classification of all Bus Operators and the reason Union President Mr. Roddy was present at the meeting. Second, all persons at the meeting were aware of her classification and that she had to be terminated for cause per the CBA. Third, BJCTA gives no reason for her termination.

15. On November 19, 2020, the General Counsel for Amalgamated Transit Union, Mr. Robert A. Molofsky, wrote a letter to CEO Mr. Frank Martin noting that Bus Operators are covered by a CBA and that BJCTA does not have the right "under the Contract to terminate bus operators and.. . 'at any time with or without cause, and with or without prior notice.'" Despite this letter quoting from the governing CBA and the misclassification of Plaintiff giving BJCTA full notice of its wrongful actions, Defendant did not reverse its decision. As such BJCTA, terminated Plaintiff intentionally and knowingly without regard to the FMLA.

16. Ms. Terry was able to find a temporary hourly position at far less pay in December 2020 and is accruing backpay.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

    a. Back pay;

    b. Injunctive relief including full reinstatement;

    c. Pre-judgment interest;

    d. Liquidated damages;

    e. Attorneys' fees;

    f. Costs;

    g. Post-judgment interest; and

    h. Such other legal or equitable relief as may be appropriate to effectuate the purposes of the Family and Medical Leave Act, to which she may otherwise be entitled.

**PLAINTIFF DEMANDS A TRIAL STRUCK BY JURY ON ALL CLAIMS SO TRIABLE**

Respectfully submitted,


/s/ *Sandra B. Reiss*
Sandra B. Reiss, Esq.
Alabama Bar No. ASB-3650-S80S
ATTORNEY FOR PLAINTIFF


OF COUNSEL:

THE REISS FIRM, LLC
PO Box 660121
Birmingham, AL 35266-0121
(205) 637-1388
Sbrlaw@outlook.com


s/ *Roderick Cooks*
Mr. Roderick Cooks
Alabama Bar. No. ASB-5819-O78R
ATTORNEY FOR PLAINTIFF


OF COUNSEL:

WinstonCooks LLC
505 20th Street North
Suite 815
Birmingham, Al 35203
(205) 502-4950
rcooks@winstoncooks.com