FILED

2021 Mar-03  AM 11:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAVONDA TERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | **2:21-cv-00191-MHH** |
| **BIRMINGHAM-JEFFERSON** | ) | |
| **COUNTY TRANSIT AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S ANSWER

COMES NOW the defendant, the Birmingham-Jefferson County Transit Authority (hereinafter "defendant"), by and through their undersigned counsel of record, and hereby answers the Complaint of Plaintiff, Lavonda Terry (hereinafter "Plaintiff"), as follows:

## STATEMENT OF THE CASE

1.    Denied.

## JURISDICTION AND VENUE

2.    Defendant does not dispute jurisdiction, however, to the extent this paragraph contains any allegation wrongdoing against the defendant, said allegations are denied.

3.      Defendant does not dispute jurisdiction, however, to the extent this paragraph contains any allegation wrongdoing against the defendant, said allegations are denied.

### III.  PARTIES

4.      Defendant lacks sufficient information to admit or deny Plaintiff's age or location of her residence. Defendant denies the remaining allegations of this paragraph.

5.      Admitted.

### IV.  STATEMENT OF BACKGROUND FACTS

6.      Admitted.

7.      Denied.

8.      Defendant lacks sufficient information to admit or deny this allegation, and therefore, said allegations are denied.

9.      Denied.

10.     Denied.

### COUNT I- RETALIATION ON VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.    Denied.

16.    Defendant lacks sufficient information to admit or deny this allegation, and therefore, said allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands and the plaintiff has failed to do equity.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the Family and Medical Leave Act.

### FIFTH AFFIRMATIVE DEFENSE

Defendant pleads all available doctrines of immunity, including but not limited to absolute immunity, discretionary function immunity, substantive immunity, qualified immunity, judicial immunity, legislative immunity, and State-agent immunity.

## SIXTH AFFIRMATIVE DEFENSE

Defendant pleads the doctrines of waiver, estoppel, accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads failure to join an indispensable party.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads the plaintiff lacks standing.

## NINTH AFFIRMATIVE DEFENSE

Defendant pleads the plaintiff is not entitled to equitable relief.

## TENTH AFFIRMATIVE DEFENSE

Defendant pleads the plaintiff has no clear right to the relief sought in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant pleads the plaintiff has failed to show the likelihood of irreparable harm.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant pleads the issuance of an injunction would not serve the public interest and that the harm that would occur to the defendants if an injunction is issued is greater than any harm to the plaintiff if an injunction is not issued.

## <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint fails to state a claim upon which relief can be granted in the form of punitive damages.

## <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Defendant pleads the following defenses in regard to the plaintiff's claims for punitive damages:

A.     An award of punitive damages against this defendant would deny this defendant the right to due process under the Fourteenth Amendment of the United States Constitution and the due process clause of Article I, Section 13 of the Alabama Constitution.

B.     Any award of punitive damages against this defendant, which are penal in nature, would violate this defendant's right under the Alabama Constitution of 1901 and the United States Constitution.

C.     Any award of punitive damages against this defendant would not be based on proper standards and jury instructions.

D.      There is no rational relationship between any award of punitive damages against this defendant's alleged conduct.

E.     Any joint and several awards of punitive damages against this defendant would not properly allocate fault specifically to this defendant and would thereby frustrate the penal purpose of punitive damages.

F.     Punitive damages may not be assessed against this defendant based on Alabama Code § 11-47-190 et seq. (1975).

G.     Any award of punitive damages against this defendant would violate the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Alabama Constitution regarding excessive fines.

H.     An award of punitive damages would violate this defendant's rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

I.     This defendant pleads that any award of punitive damages to the plaintiff in this action would be in violation of the guarantees and safeguards provided to this defendant under the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that the punitive damages are vague and are not directly related to a legitimate government interest.  Furthermore, that an award of punitive damages would be in violation of Article I, Section 6 of the United States Constitution, which provides that no person shall be deprived of life, liberty or property except by due process of law in that punitive damages are vague and are not rationally related to a legitimate governmental interest.

J.     This defendant plead that the plaintiff's claims for punitive damages are capped and/or barred according to Alabama Code § 6-11-21 et seq. (2008).

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants plead that the plaintiff failed to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants aver that the plaintiff's Complaint fails to state a claim pursuant to §§ 11-93-1 and 11-93-22 and § 11-47-23 of the Alabama Code.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant pleads that each and every action taken by the defendant was taken in the good faith belief that the same was legal and lawful at the time so taken.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant pleads that the plaintiff has failed to exhaust her administrative remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant pleads that its alleged actions and/or inactions are not the proximate cause of the plaintiff's alleged injuries.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant pleads not guilty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts that the plaintiff's allegations are prohibited by the doctrine of collateral estoppel, issue preclusion, and/or claim preclusion.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant pleads that the plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the doctrine of respondeat superior.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant pleads set-off and recoupment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that that plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to §11-47-190 of the Alabama Code.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant pleads that the plaintiff's Complaint fails to meet the heightened pleadings standards required by 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981, et seq.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the Ala. Code §6-11-26 et seq.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to § 11-93-1 et seq., Code of Alabama (1975), as amended.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred by the doctrine of laches.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant asserts that some or all of the plaintiff's claims are barred by the doctrines of collateral estoppel or issue preclusion.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant asserts that the decision to terminate plaintiff was unrelated to her requested medical leave.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts that some or all of the plaintiff's claims are barred by the doctrines of consent, justification, estoppel, and/or privilege.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant contests each and every item of damages alleged in the Complaint and pleads that the plaintiff has failed to prove damages.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to amend and supplement this Answer and these Affirmative Defenses as discovery proceeds in this case.  To the extent that any of the allegations in the plaintiff's Complaint have not been expressly admitted or denied, they are denied and defendant demands strict proof thereof.

Defendant reserves the right to amend and supplement this Answer and these Affirmative Defenses as discovery proceeds in this case.  To the extent that any of the allegations in the plaintiff's Complaint have not been expressly admitted or denied, they are denied and defendant demands strict proof thereof.

## DEFENDANT DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

*/s/Timothy P. Donahue, Sr.*
Timothy P. Donahue, Sr. (ASB-1646-e60t)
**DONAHUE & ASSOCIATES, LLC**
1020 22nd Street South
Birmingham, Alabama 35205
Tel:  205-871-8858
Fax:  205-879-1679
Email:timdonahue@donahue-associates.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March 3rd, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sandra Reiss                                    Roderick Cooks
**The Reiss Firm LLC**                    **Winston Cooks LLC**
PO Box 660121                              525 20th St N Suite 815
Birmingham, AL 35226                 Birmingham, AL 35203
T:205-673-1388                             T: 205-502-4950
E: Sbrlaw@outlook.com              E: rcooks@winstoncooks.com